GEORGE A. NOURSE, Appellant, *vs.* THE BOARD OF SUPERVISORS OF HENNEPIN COUNTY, Respondents.

The law of 1851, authorizing the election of a District Attorney for each county organized for judicial purposes, and defining his duties, is not repugnant to the constitution, nor repealed thereby, except in so far as it makes it the duty of said officer to attend to criminal proceedings on behalf of the government. The Constitution merely transferred to the Prosecuting Attorneys of the Districts, the duties in criminal proceedings which were formerly performed by the District Attorneys of each county. Their other duties remain to them until the office is abolished.

This was an Appeal from the judgment of the District Court of Hennepin County, (Hon. E. O. Hamlin, J.) The opinion of the Court contains a statement of the case.

The following are points and authorities relied upon by the counsel for Appellant:

*First.*—The Court below erred in overruling the demurrer in this action; in that,

*Second.*—The answer in said action alleges no facts constituting a valid defence or counter claim. *Rev. Statutes, Minn., Am'dts page 9, sec. 71.*

*Third.*—The law of the Territory of Minnesota creating the office of District Attorney, not being repugnant to the Constitution of the State, and having neither expired by its own limitation, nor been altered or repealed by the Legislature, is still in force. *Const. of Minn., Art. 16, Sec. 2; Rev. Statutes, M. T., Chap. 8, Art. 5.*

*Fourth.*—The District Attorneys of the several counties of the Territory of Minnesota, holding office at the time of the adoption by the people, of the Constitution of the State of

Minnesota, were by the provisions of that Constitution to " continue to hold and exercise their respective offices " until superseded by the authority of the State. *Const. of Minn., Art. 16, Sec. 5.*

*Fifth.*—No facts are stated in said answer, showing that the Plaintiff below was ever superseded as District Attorney of the County of Hennepin.

*Sixth.*—The mere creation by the State Constitution of the office of Prosecuting Attorney, gives no powers nor duties to its incumbent, in the absence of constitutional or statutory provision clothing him with powers, or assigning to him duties. *4 Inst.* 267 ; *Bac. Abr. Vol.* 7, *page* 280, *A. a. ; Ibid. page* 281, *B. b. ; 4 Dev.* 1 ; *7 Mass.* 280.

*Seventh.*—Even were it to be tolerated, that by mere force of his *name of office*, the Prosecuting Attorney should usurp the duties of District Attorneys in criminal cases, it still remains necessary that the District Attorneys should perform the duties devolving upon them by statute in advising county officers, and conducting *civil actions*, to which their several counties may be parties. *Rev. Stat. M. T., Chap.* 8, *Art.* 5, *Sec.* 3 *and* 4.

*Eighth.*—The name even of " Prosecuting Attorney," gives no color to a claim, that by the creation and occupancy of that office, the District Attorneys are superseded. No such officer as " Prosecuting Attorney " is known to the common law.

*Ninth.*—The complaint setting up a good cause of action, and the answer stating no facts which constitute a defence or counter claim, the demurrer should have been sustained in the Court below.

The following are the points and authorities relied upon by the counsel for Respondent :

*First.*—All officers under the Territorial Government of Minnesota, ceased with the existence of the Territory, unless their continuance was expressly provided for by the State Constitution.

*Second.*—The Territorial office of District Attorney for the County of Hennepin has been superseded by the new State Government, and the election and qualification of a Prosecut-

ing Attorney under the Constitution for the Fourth Judicial District, which includes said county.

*Third.*—The Constitutional scheme evidently contemplates the election of one Prosecuting Attorney for each Judicial District, to do and perform the duties within such District which were devolved upon the District Attorneys under the Territorial Government.

*Fourth.*—It is the duty of the Courts so to construe a statute and especially a Constitutional provision, so as to give some effect to all its provisions. No effect can be given to Section 15 of the Schedule to the Constitution, which authorizes the election of a Prosecuting Attorney, unless it is construed as creating an office with similar duties and powers as those of District Attorney, and to take the place of such office. That such was the intention of the framers is apparent from the language used. The term *Prosecuting Attorney*, or prosecutor, has an old and well known legal signification. It is used in the books as designating an officer appointed or elected, to carry on a judicial, or in the strictest sense, a *criminal* proceeding in behalf of the State or Government, as by information or indictment. 2 *Burrill Law Dic.* 838; 4 *Blackstone*, 303, *note* (8), *and* 306, *note* 15, *et. seq.*

*Fifth.*—Section 5, of the Schedule to the Constitution, only continued in existence the Territorial District Attorneys until the officers provided by that instrument to perform their duties, should be qualified. That officer is the Prosecuting Attorney, and until the Legislature otherwise direct, the Territorial laws relating to District Attorneys are applicable in defining his duties and powers.

*Sixth.*—Sinecures are contrary to the policy of our government, and it is not to be supposed that the Convention intended to create one in the office of a Prosecuting Attorney for any period of time however short. Such a construction must be given to the Constitution as to avoid this conclusion if possible.

GEO. A. NOURSE, Appellant, in person.

CORNELL & VANDERBURGH, Counsel for Respondents.

*By the Court*—EMMETT, Chief Justice.   The Plaintiff claims that he was the District Attorney for the County of Hennepin during the years 1857 and 1858, with a salary fixed at four hundred dollars per annum, and brought this action to recover the amount of his salary for the last half year of the term.   The Defendants answered that the said office of District Attorney was superseded prior to the commencement of the time for which said salary is claimed, by the election and qualification, under the Constitution of the State, of a Prosecuting Attorney for the Judicial District to which that county belongs. To this answer the Plaintiff demurs.   The demurrer was overruled by the District Court, and, from the judgment entered thereon, the Plaintiff appeals.

By the Territorial law in existence at the adoption of the State Constitution, each county, organized for judicial purposes, was required to elect a District Attorney for said county, who gave bonds to the *County Commissioners* for the faithful discharge of his duties—and whose duty it was to attend to all suits, applications or motions on behalf of the County before the District Court—to give opinions and advice, on request, to every officer of the county in all matters relating to the discharge of official duties, and in all cases where the county may have an interest.   In addition to this, it was his duty to act as public prosecutor, and to prosecute and defend, within his county, all suits, whether civil or criminal, in which the Territory was in any manner interested.   In other words, he was to manage the affairs at law, of the county, and to prosecute in behalf of the State.

The Constitution divided the State into judicial districts, embracing several counties, save in a single instance ; and provided for the election in each district of a Prosecuting Attorney for the district.   Each district elected a prosecutor, and the first Legislature thereafter provided for the payment of their salaries out of the Treasury of the State.

The duties of a Prosecuting Attorney, unless otherwise provided by law, are simply to carry on the criminal proceedings on behalf of the State or government, within the district for which he is chosen.   The civil business in which the State may

have an interest, comes more directly within the duties of the Attorney General. The Prosecuting Attorney has, as yet, nothing to do with the litigations of the several counties of which his district may be composed. He is elected for a *district*, and unless a district, as such, is interested in some civil matter in litigation, it would be difficult to conceive of any civil legal business for him as an officer to attend to. In fact, were he to be made to act as the Attorney for each county in his district, in the place of the District Attorney, as under the Territorial law, he would not only find a great deal of county matters to attend to, to the detriment of the criminal business entrusted to his charge, but he would frequently be at a loss to determine for which party to act; for as counties as well as individuals, litigate with each other, in all actions between different counties in his district, his services could be demanded by each. And yet the State would pay for these services, although the counties alone were interested.

We think that the Constitution merely transferred to the Prosecuting Attorneys of the districts, the duties in criminal proceedings, which were formerly performed by the District Attorney of each county, that the other duties, as to all civil matters in which the county has an interest, still remain to the District Attorneys until the office of District Attorney is abolished, that these duties cannot in all cases be performed by the Prosecuting Attorney for the district, and could not therefore consistently be conferred upon him, that the law of 1851, authorizing the election of a District Attorney for each county organized for judicial purposes, and defining his duties, is not repugnant to the Constitution, nor repealed thereby, except in so far as it makes it the duty of said officer to attend to criminal proceedings on behalf of the government, and therefore, that the judgment of the District Court overruling the demurrer in this case is erroneous and should be reversed, and the Plaintiff have judgment upon his said demurrer for the amount claimed, with costs.